**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 10-10681 EAG |
| REYNALDO ALICEA ALICEA, | CHAPTER 13 |
| DEBTOR. | FILED & ENTERED ON 10/02/2013 |

**OPINION AND ORDER**

In the instant case, creditor Janet Lugo Montalvo ("Ms. Lugo") filed a proof of claim in the amount of $46,811.46 as priority. [Claims Register No. 6-1]. Attached to the claim is a divorce judgment dated February 9, 2001, which Ms. Lugo argues evidences a domestic support obligation ("DSO") agreed to by her ex-husband, debtor Reynaldo Alicea Alicea ("Mr. Alicea"). Mr. Alicea objected to the claim and Ms. Lugo responded to the objection. [Dockets No. 29 & 35.] However, Mr. Alicea agreed to withdraw the objection as per a stipulation filed with Ms. Lugo, where the parties agreed to reduce the claim to $33,000.00, and Mr. Alicea agreed to pay Ms. Lugo $15,000.00 within the plan and the remaining $18,000.00 after completion of the bankruptcy case. [Docket No. 44.] The chapter 13 trustee objected to the priority status of the claim and to the stipulation, arguing that the obligations established in the divorce judgment were not a DSO as defined in 11 U.S.C. §101(14A). [Docket No. 52.] The trustee further argues that the stipulation, if approved, would be in detriment to the other unsecured creditors. [Docket No. 52.]

An evidentiary hearing was held on May, 8, 2013 as to the trustee's objection to the claim and the stipulation. [Docket No. 161.] The trustee called Mr. Alicea as his only witness

at the hearing. Mr. Alicea was then cross-examined by Ms. Lugo's attorney. The attorney for Mr. Alicea also briefly cross-examined the debtor. Ms. Lugo testified on her behalf and did not call any other witness. Both witnesses testified as to their respective intentions at the time the divorce judgment was entered by the San German Superior Court on February 9, 2001. A certified translation of the divorce judgment and its original in the Spanish language, were admitted into evidence as Joint Exhibits I and II at the hearing.

For the reasons stated below, the trustee's objection to Ms. Lugo's claim and to the stipulation is hereby granted. Proof of claim number 6 is allowed as general unsecured.

The chapter 13 trustee and Ms. Lugo agree on the following facts, as relevant to this dispute, as per their respective pre-trial reports:

Mr. Alicea and Ms. Lugo were married on June 15, 1996 in Sabana Grande, Puerto Rico. [Joint Exhibits I-II; Docket No. 112 at 7, Docket No. 114 at 9.] Mr. Alicea and Ms. Lugo were divorced by mutual consent as per the judgment issued on February 9, 2001 by the San German Superior Court. [Joint Exhibits I-II; Docket No. 112 at 7, Docket No. 114 at 9.] The divorce judgment did not provide for child support as there were no children from the marriage. [Joint Exhibits I-II; Docket No. 112 at 8, Docket No. 114 at 10.]

As per the divorce judgment, Mr. Alicea was obligated to pay a mortgage with Westernbank, a mortgage with Doral Bank, and a MBNA credit card. [Joint Exhibits I-II; Docket No. 112 at 8, Docket No. 114 at 10.] In turn, Ms. Lugo was obligated to pay a personal loan with Westernbank, an AEELA loan, a Sears' credit card, a Retired Teachers Board loan, and an AEELA credit card. [Joint Exhibits I-II; Docket No. 112 at 8, Docket No. 114 at 10.]

While married, Mr. Alicea and Ms. Lugo acquired a house in Estancias de Villa Alba, in Sabana Grande, Puerto Rico, and pursuant to the divorce judgment, Ms. Lugo agreed to transfer to Mr. Alicea her interest in the house. [Docket No. 112 at 9-10, Docket No. 114 at 11.] Ms. Lugo had acquired prior to the marriage, and was the sole owner, of another house also located in Sabana Grande, that served as collateral for the Westernbank mortgage, which Mr. Alicea agreed to pay under the divorce judgment. [Docket No. 112 at 9, Docket No. 114 at 11.]

A DSO is a "debt that accrues before, on, or after the date of order of relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law . . . owed to or recoverable by . . . a former spouse . . . in the nature of alimony, maintenance or support . . . without regard to whether such debt is expressly so designated. " 11 U.S.C. §101(14A).

The United States Court of Appeals for the First Circuit, discussing the definition of a DSO under 11 U.S.C. §101(14A), has held that "pursuant to the statute, for an obligation to be considered a DSO, it must actually be in the nature of support." Smith v. Pritchett (In re Smith), 586 F.3d 69, 73 (1st Cir. 2009). "The party seeking to have a debt determined as a DSO and thus nondischargeable bears the burden of proving that the obligation is in the nature of support." Id. Whether obligation is in the nature of support depends on "whether the state court which entered the divorce decree and the parties who entered into a divorce agreement intended the award to serve as support or as 'something else,' such as a division of jointly owned property." Smith v. Pritchett (In re Smith), 398 B.R. 715, 721 (B.A.P. 1st Cir. 2008), aff'd, 586 F.3d 69 (1st Cir. 2009).

The divorce judgment does not have an express provision of alimony, maintenance or support for Ms. Lugo. The parties dispute whether Mr. Alicea's obligation to pay the Westernbank mortgage, which was secured by Ms. Lugo's house, was imposed as a DSO for the benefit of Ms. Lugo or was a division of marital assets. If the latter, the claim would not be entitled to priority status. In order to determine whether Mr. Alicea's obligation under the divorce judgment was in the nature of support, the court must determine what was the intent of the parties at the time of the divorce.

At the hearing, Mr. Alicea testified that at the time of the divorce, he agreed on a division of marital assets and liabilities, and that there was never a discussion as to alimony or support for Ms. Lugo. He testified that he agreed to pay the Westernbank mortgage because Ms. Lugo agreed to transfer to him her interest in the house located in Estancias de Villa Alba. When asked about the stipulation with Ms. Lugo, Mr. Alicea admitted that he signed it because he had suffered a heart attack and had been ordered by his doctor to remain "relaxed."

Ms. Lugo testified that the divorce judgment was silent as to alimony for her because she trusted that Mr. Alicea would comply with his obligations under the judgment. She admitted that Mr. Alicea never told her that the payment of the mortgage was for alimony. Ms. Lugo also conceded that the marital liabilities were divided in the divorce judgment between them.

Therefore, based on the testimony of Mr. Alicea and Ms. Lugo at the hearing and the divorce judgment, the court finds that Mr. Alicea did not intend for the payment of the Westernbank mortgage to be a DSO for the benefit of Ms. Lugo. Ms. Lugo has failed to meet her

4

burden of proof and establish that the obligation to pay the Westernbank mortgage is a DSO as defined in 11 U.S.C. §101(14A).

The chapter 13 trustee's objection [at Docket No. 52] to Ms. Lugo's claim and to the stipulation is hereby granted. Proof of claim number 6 is allowed as general unsecured.[1]

SO ORDERED.

In Ponce, Puerto Rico, this 2nd day of October, 2013.

Edward A. Godoy
U.S. Bankruptcy Judge

---

[1] Ms. Lugo's argument that she is entitled to an equitable lien on the payments that Mr. Alicea makes on the mortgage on his house is moot. Because Mr. Alicea was not paying the mortgage on his house, the court lifted the automatic stay on it at the request of Doral Bank. [Docket Nos. 144 & 158.]

5